# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21654-Civ-TORRES

SARAH WILLIAMS,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE

    Defendant.

_____/

## ORDER ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Carnival Corporation d/b/a Carnival Cruise Line ("Defendant" or "Carnival") on December 16, 2019. [D.E. 41]. In that Motion, Carnival argues that Sara Williams ("Plaintiff" or "Williams") failed to meet her burden under Federal Rule of Civil Procedure 56 to demonstrate that Carnival was negligent under federal maritime law because (1) the allegedly dangerous condition that Plaintiff claims caused her slip-and-fall incident on the subject vessel was open and obvious, and (2) there are no facts indicating that Carnival possessed constructive notice of such dangerous condition. *Id.* Plaintiff responded in opposition to the Motion on January 9, 2020, [D.E. 49], and Defendant's reply followed on January 23, 2020. [D.E. 60]. The matter is now fully briefed and ripe for disposition, and after viewing the record evidence before us, in addition to the

relevant governing legal authorities, we hereby **ORDER** that the Motion be **DENIED**.

## I. *FACTUAL BACKGROUND*

On June 4, 2017, Williams slipped and fell on the Lido Deck of Carnival's cruise ship, the *Carnival Liberty*. [D.E. 41, ¶¶ 2-3]. Williams claims that she fell after slipping in a puddle of water measuring approximately four by two feet. [D.E. 50, ¶ 20]. The fall occurred behind the Red Frog Rum Bar, a covered area with high-top tables. [D.E. 55, Exhibits M-P]. Carnival's personnel are trained to monitor the Lido Deck, including the area behind the Red Frog Rum Bar, for wet spots in order to quickly clean them up. [D.E. 41, ¶¶ 5, 6].

Shortly before her fall, Williams purchased a drink and burger from a food stand close to the Red Frog Rum Bar. [D.E. 50, ¶¶ 9, 10]. After adding condiments to her burger, Williams noticed one of the tables behind the Red Frog Rum Bar was available and started walking towards it with her drink in her left hand and her burger in her right hand. *Id.* Williams slip-and-fall occurred while walking to the table. *Id.* Williams alleges that after her fall, she was sitting in a large puddle of water and noticed water slowly dripping out of an ice chest immediately adjacent to the puddle. *Id.* at ¶ 20. Williams contends this leak was the source of water that created the puddle she slipped on. *Id.*

Defendant first argues that we must enter summary judgment in its favor because Defendant did not breach its duty to warn Plaintiff of the alleged dangerous condition. [D.E. 41]. Defendant next argues that Plaintiff failed to establish that

2

Carnival had constructive notice about the alleged risk-creating condition. *Id.* Plaintiff, in opposition, contends that a triable issue of material fact exists concerning the presence of water on the deck, claiming that the record as a whole establishes that the puddle that allegedly caused her fall (1) was not open and obvious and (2) existed for a period of time that could lead a reasonable factfinder to determine Carnival had constructive notice of the hazardous condition. [D.E. 49].

After reviewing the evidence of record, and aware that we must construe that evidence in the light most favorable to Plaintiff, we conclude that there are genuine issues of material fact that remain about whether the slippery deck behind the Red Frog Rum Bar was open and obvious and whether Carnival had constructive notice about it.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, a court considers the evidence in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or

3

other materials." Fed. R. Civ. P. 56(c)(1)(A). A court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atl.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, a court's task is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. ANALYSIS

As in all actions arising from torts allegedly committed aboard vessels sailing in navigable waters, this suit is governed by general maritime law. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citations omitted). According to general maritime law, Carnival owes its passengers a duty of reasonable care under the circumstances. *Id.* at 1322. To demonstrate a breach of this duty, Plaintiff must prove that: (1) a dangerous condition existed that caused the claimed injury; and (2) Carnival was on actual notice of the dangerous condition; and if Carnival did not have actual notice, it was on constructive notice that the dangerous condition existed for an interval of time sufficient to allow for corrective action. *Adams v. Carnival Corp.*, 2009 WL 4907547, at *3 (S.D. Fla. Sept. 29, 2009) (citing *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65-66 (11th Cir. 1988)); *see also Keefe*, 867 F.2d at 1322. "Regardless of notice, however, there is no duty to warn of dangers that are open and obvious." *Plott v. NCL Am., LLC*, 786 F. App'x 199, 202 (11th Cir. 2019).

4

There are two issue before this Court: whether or not (1) the alleged dangerous condition was open and obvious, and (2) Carnival had been placed on constructive notice about such condition.[1]

### A. *Open and Obvious Condition*

A cruise ship operator is not liable if the dangerous condition was open and obvious. *See id.* (citing *Keefe*, 867 F.2d at 1322). To determine if a condition is open and obvious, the Court "asks whether a reasonable person would have observed the condition and appreciated the nature of the condition." *See id.* at 203 (citations omitted). "A dangerous condition is one that is not apparent and obvious to a passenger . . . . The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition." *Miller v. NCL (Bah.) Ltd.,* 2016 WL 4809347, at *4 (S.D. Fla. Apr. 6, 2016), *aff'd,* 679 F. App'x 981 (11th Cir. 2017) (alteration added; citations omitted). In determining whether a risk is open and obvious, we focus on what an objectively reasonable person would observe and do not take into account the plaintiff's subjective perceptions." *Horne v. Carnival Corp.,* 741 F. App'x 607, 609 (11th Cir. 2018) (internal quotation marks and citations omitted).

Here, Williams did not see any wetness on the deck until after she slipped and fell on it. It was not raining prior to the incident and the location of the puddle was

---

[1] There is no genuine dispute concerning actual notice because Plaintiff does not challenge Defendant's assertion of the same and the record supports Defendant's position on this issue.

in a covered area not adjacent to any pools or hot tubs. The puddle consisted of just colorless water. Based on these undisputed facts, Carnival relies in great part on another Southern District of Florida case, *Marshall v. Royal Caribbean*, to assert that Williams should have been aware that the deck behind the Red Frog Rum Bar was wet and slippery. In *Marshall*, it was

> "raining frequently throughout the day and the spot of the slip and fall was in area exposed to rain . . . Plaintiff's excursion to Nassau was affected by the weather; a party on the ship was relocated due to the rain; and Plaintiff's travel companions were aware of the fact that the deck was wet in certain areas. A reasonable person in Plaintiff's position would have been aware of the possibility of a puddle forming on an exterior surface of a cruise ship following a day of periodic rain."

2017 WL 5308902, at *4 (S.D. Fla Jan. 6, 2017). But as this passage shows, the most material facts in *Marshall* are not relevant here. There is no evidence that it was raining prior to William's slip or that this rain had anything to do with the fall. The contrasting facts here actually bolster Plaintiff's position.

Defendant also argues that *Marshall* is helpful for its cause because the plaintiff in *Marshall* had been drinking alcohol prior to the fall and wearing sandals like Williams. But, again, these facts are irrelevant to the holding in *Marshall*. To begin with, Williams appears to have had only two alcoholic drinks prior to the incident, far less alcohol than the plaintiff in *Marshall*. So the alcohol issue is not a dispositive fact. But apart from that, the use of alcohol at all is more relevant to Defendant's alternative cause defense, or comparative negligence defense, rather than the legal question whether an open and obvious condition existed. Indeed, the record presented shows that, prior to her fall, Williams walked around many other

6

outdoor decks and played mini golf outside while experiencing no issues with slippery decks – more evidence that Plaintiff was reasonable in not expecting to come across a slippery deck later in the day. Further, the back area of the Red Frog Rum Bar was covered, so even if it rained some and Plaintiff was aware of the rain, it is entirely reasonable for a person to conclude a covered area would be protected from such rain.

Carnival also asserts that the area behind the Red Frog Rum Bar had clearly visible patches of dark and light spots due to moisture being absorbed in the deck; therefore, it was obvious the dark area was wet and slippery.[2] Williams, however, testified that she only noticed that the deck was all dark and that the puddle was latent in the dark area. Based on this record, and in the light most favorable to Williams, we cannot conclude, as a matter of law, that a reasonably prudent person through the exercise of common sense and the ordinary use of her senses would have clearly seen a colorless puddle of water in a dark area just because there was some discoloration on other sections of the deck nearby. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). In sum we conclude that there are genuine issues of material fact that remain about whether the puddle behind the

---

[2] The Court notes that Carnival's argument here can also show that Carnival had constructive notice of the slippery deck as its crewmembers were trained to look for slippery decks and thus should have quickly noticed such obvious changes in the deck's color. Plus it would take a while for a deck to absorb that much water. Again, these are all potentially relevant facts that the trier of fact will have to consider. They are not appropriate for summary judgment.

7

Red Frog Rum Bar was open and obvious. A reasonable factfinder could conclude that the puddle on which Williams slipped was not open and obvious because it had not been raining prior to William's slip, it was in a shaded covered area, and Williams clearly testified she did not see the water prior to her fall. *See, e.g., Aponte v. Royal Caribbean Cruise Lines Ltd.,* 739 F. App'x 531, 537 (11th Cir. 2018) ("We cannot conclude, as a matter of law, that a reasonably prudent person through the exercise of common sense and the ordinary use of his senses would have clearly seen the 'clearish' puddle of soap on the floor.") (reversing summary judgment based in part on open and obvious condition); *Belanger v. Bimini,* 2018 WL 6250524, at *2 (S.D. Fla. Nov. 29, 2018) (denying motion for summary judgment on open and obvious condition where "Plaintiff testified that she did not see the metal threshold that caused the incident until after she had fallen to the ground."); *Sampson v. Carnival Corp.,* 2016 WL 7209844, at *3 (S.D. Fla. Dec. 7, 2017) (denying cruise line's motion for summary judgment that argued presence of water on floor was open and obvious because "[p]laintiff testified that she did not notice the floor was wet before her fall despite looking down at the floor while walking onto the deck."); *Carminati v. NCL (Bahamas) Ltd.,* 2016 WL 7495126, at *3 (S.D. Fla. Aug. 11, 2016) (finding plaintiff "narrowly clears the hurdle of summary judgment" because, among other things, plaintiff "testified that she was not familiar with the area in which she fell, did not know where she was on the ship when she approached the doorway, and could not recall using the doorway at issue" prior to the incident in question).

### B. *Constructive Notice*

In the Eleventh Circuit, constructive notice is established when the hazard exists for a sufficient period of time that a defendant should have eliminated the danger. *See, e.g.*, *Plott*, 786 F. App'x at 201 (finding sufficient period of time when crewmembers continuously monitored an area that had been wet for at least twenty to twenty-five minutes); *Underwood v. NCL (Bahamas) Ltd.*, 2019 WL 2011389, at *2 (S.D. Fla. Feb. 12, 2019) (sufficient period of time when puddle existed for at least fifteen minutes); *Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1190 (S.D. Fla. 2016) (puddle that existed at least fifteen minutes sufficient for a reasonable jury to find constructive notice); *Marsh v. Celebrity Cruises, Inc.*, 2017 WL 6498107, at *3 (S.D. Fla. Dec. 13, 2017) (evidence that a liquid was present on the floor for at least thirty minutes before plaintiff's fall sufficient for a reasonable jury to find a defendant cruise ship operator had constructive knowledge of its existence).

We must deny the Motion because Plaintiff's description of events establishes a genuine issue of material fact as to whether Carnival needed to take corrective action and eliminate the hazardous condition. *Keefe*, 867 F.2d at 1322. According to Plaintiff, she slipped in a puddle that measured four by two feet. After her fall, she observed a slow drip of water coming from a leaky ice chest immediately next to the puddle of water – she estimated that it would have taken between 4-6 hours for that much water to pool based on the current pace of the drip. We must assume that her description of the size of the puddle and its probable source is true. *See Cosmo v.*

*Carnival Corp.*, 272 F. Supp. 3d 1336, 1342 (S.D. Fla. 2017) ("[A] court may not make credibility determinations in evaluating a motion for summary judgment.").

Plaintiff also provided pictures of the area behind the Red Frog Rum Bar, which corroborates that the puddle was large and immediately next to the ice chest. Some of the pictures were taken immediately after Plaintiff fell and some were taken a few hours later. The pictures taken immediately after the accident show a large wet area right next to the ice chest. The pictures taken a few hours later appear to show that the size of the wet area next to the ice chest had slightly increased in size. This slowly increasing mass of water next to the ice chest arguably synchs up with Plaintiff's testimony that the puddle had existed for a sufficient period of time. *See Thomas*, 203 F. Supp. 3d at 1190 (denying cruise line operator's motion for summary judgment because a large puddle was present for at least fifteen minutes leading up to incident).

While this Court could certainly find that the water was undetectable to Carnival or that it had not been present long enough for Carnival to act, the law requires us to draw all reasonable inferences in Plaintiff's favor as the non-moving party. Under these circumstances, and in light of Plaintiff's testimony, the pictures she provided, and that Carnival had multiple employees working close to the Red Frog Rum Bar trained to look for and remedy wet decks quickly, a reasonable jury could find that Carnival had constructive notice of the hazard. *See Aponte,* 739 F. App'x at 536 ("[The] facts place the crewmember in the immediate vicinity of a puddle of soap that was one-and-a-half feet in diameter. Drawing all reasonable inferences

10

in [plaintiff's] favor, a factfinder could conclude that the crewmember knew or should have known about the puddle of soap at his feet and either removed the hazard or warned [plaintiff] of it."); *Thomas,* 203 F. Supp. 3d at 1193 ("In premises liability cases, for example, a plaintiff may prove constructive notice if he shows that a dangerous condition existed on the floor for a sufficient length of time, which Florida courts have found to be 15-20 minutes.") (citation omitted); *Stewart v. Carnival Corp.,* 365 F. Supp. 3d 1272, 1276 (S.D. Fla. 2019) (record evidence was enough to support an inference that Defendant had constructive notice for a long enough period of time to take corrective measures); *Haiser v. MSC Cruises (USA) Inc.,* 2019 WL 4693200, at *5 (S.D. Fla. Aug. 9, 2019) (denying summary judgment in part where a "reasonable factfinder could conclude that crewmembers knew or should have known about the presence of water on floor since they were in the immediate vicinity and based on the amount of time the water was there.").

In sum, genuine issues of material fact exist in this record as to Carnival's constructive notice of the alleged dangerous condition. That precludes summary judgment in this case.

\* \* \*

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [D.E. 41] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of February, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge